IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| IN RE: | CASE NO. 10-10444 BKT |
|---|---|
| MANUEL PEREZ NEVAREZ<br>Debtor | CHAPTER 11 |

**MOTION TO SHOW CAUSE AND
REPLY TO MOTION TO DISMISS BY THE US TRUSTEE**

Comes now debtor, Manuel Pérez Nevarez, through the undersigned counsel, and respectfully states as follows:

1. This Honorable Court ordered debtor to show cause why the case should not be dismissed or converted for failing to comply with Court's previous Order dated 3/30/11. (Docket #42 and #44).

2. Subsequently, at docket #45, the Office of the US Trustee filed a Motion to Dismiss pursuant to §1112(b) of the Bankruptcy Code, for failure to comply with the Court's Order, failure file Monthly Operating Reports, failure to pay Quarterly Fees under 28 U.S.C. §1930, and for having cause to Dismiss or Convert for the Benefit of Creditors and the estate.

3. Debtor hereby moves to show cause why the case should not be dismissed and replies and opposes Trustee's motion.

4. As the Honorable Court is aware, this case is closely related to In Re: Desarrollo Rio Dorado, Inc., Case No. 10-06915 (BKT).

5. Court's Order dated 3/30/2011 (Docket #42) in the instant case stated that based on the Order issued in case 10-06915 (docket #158) dated 3/23/2011, Debtor Manuel Pérez Nevarez was to inform as to the conversion or dismissal of the instant case "within fifteen days from the closing of the transfer of the property".

6. As brother counsel Carlos Rodríguez Quesada stated in his Motion to show cause in case 10-06915 (docket #185) there is an agreement entered into between DF Servicing and Desarrollo Rio Dorado, Inc. The same was filed at docket #153 and #159 in that case.

> "The order and the authorization to sell free and clear are found at dockets #166 and #167. Subsequent to the Court's approval, Desarrollo Rio Dorado has been in communication with DFS/Doral though counsel and through counsel for Blackpoint partners, in an effort to finalize the details of the closing. The closing does not have a definite date yet.
>
> As of now, the drafting of the deed has been assigned to a notary, who is currently in the process of reviewing all details of the development, easements, permits of use and occupancy, ARPE Resolutions, approved segregation drawings, and the like. Mr. Gerardo Quirós, Esq. is currently working with the notary on this matter. In addition, there are other matters that need to be addressed by the parties

> regarding the waste water pump station, purchase deposits and the like.
>
> Considering that the resolution of these matters is crucial for the transfer, and that a break in negotiations could be deal breaker, Debtor was waiting until the details and issues had been ironed out before fining the Amended Plan".

7. In other words, the closing has not happened yet for valid reasons, and given the complexity of the same, setting a date for closing may prove to be contraindicated.

8. Debtor in the instant case has been involved in the details of the closing and was hopeful that the transfer would be closed by now. For these reasons he was just waiting for the closing to comply with order dated 3/30/2011.

9. Given the above stated facts, it is requested from the Honorable Court to find that there was a valid reason for not having made a decision on whether to dismiss or convert the case, given that the closing of the transfer of property has not happened yet.

10. It is hereby requested that Order dated 3/30/2011 be re-validated, and that Debtor be granted the same term of 15 days from the closing of the transfer of the property to inform whether a conversion or a dismissal of the case would be appropriate.

11. As to the failure to file monthly operating reports, Debtor respectfully submits that he was hoping that there would

be no need to file them after the agreement with DF in case 10-06915. Given the existing delay, the operating reports have been filed for the months of February, March and April 2011. (Docket #50, #51, #52) In the future, Debtor will comply with the filing deadlines.

12. As to the failure to file quarterly fees, again Debtor was hoping that it would be no need to file them after the agreement with DF in case 10-06915. Quarterly fees have been paid in the amount of $650.53 to the US Trustee on June 2nd, 2011.

13. We are aware of Trustee's concerns of whether debtor has a reasonable possibility of a successful reorganization within a reasonable time. We merely state that such possibility exists only if Desarrollo Rio Dorado, Inc. reorganizes itself successfully. If Desarrollo Rio Dorado, Inc. closes the deal with DF, then Debtor Pérez Nevarez will proceed to request the dismissal or conversion of the case to one under Chapter 7 of the Bankruptcy Code.

14. We respectfully submit that this motion shows valid reasons why the case should not be dismissed and that it is an adequate reply and opposition to the Trustee's Motion to Dismiss. We also respectfully request that Debtor be allowed to continue with the proceedings of the case.

**WHEREFORE,** it is respectfully requested from this Honorable Court to deny the UST Motion to Dismiss and find that cause has been shown to continue the proceedings of the instant case.

In San Juan, Puerto Rico, this 2nd day of June, 2011.

/s/ DAVID CARRION BARALT
USDC-PR #207214
P.O. Box 364463
San Juan, PR 00936-4463
TEL.: (787) 758-5050
Fax:  (787) 296-3434
davidcarrionb@aol.com

**CERTIFICATE OF SERVICE**

    I David Carrión Baralt, attorney for debtor in this matter, hereby certify that on the 2nd day of June, 2011, the preceding document was served on Clerk of the US Bankruptcy Court, for the District of Puerto Rico electronically, using the CM/ECF system, which automatically serves copy upon all parties in interest and to the US Trustee.

/s/
David Carrión Baralt, Esq.
DAVID CARRION BARALT